FILED

AUG 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO FLORES CORTES, | No. 14-74029 |
| Petitioner, | |
| v. | Agency No. A070-945-735 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Gilberto Flores Cortes, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings based on ineffective assistance of counsel.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Flores Cortes' motion to reopen as untimely, where Flores Cortes filed the motion over thirteen years after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he has not demonstrated the due diligence necessary to warrant equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

Flores Cortes' contentions that the BIA failed to consider relevant factors or the evidence submitted with his motion, relied on false and arbitrary facts, and engaged in speculation and conjecture are unsupported by the record. Accordingly, Flores Cortes' due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

In light of our disposition, we need not reach Flores Cortes' remaining contention regarding his prior counsel's ineffective assistance.

**PETITION FOR REVIEW DENIED.**

14-74029